UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRITTENHAM,

    Plaintiff,

v.

McROBERTS,

    Defendant.
_____/

Case No. 10-10477

HON. AVERN COHN

## ORDER OF SUMMARY DISMISSAL

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is proceeding pro se and without payment of the filing fee (in forma pauperis). Plaintiff is suing defendants claiming that they violated his Fourth Amendment rights in the execution of a search warrant. For the reasons that follow, the complaint will be dismissed because it fails to state a claim upon which relief can be granted.

II.

Under 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must on its own dismiss an in forma pauperis complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. Id.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a

person acting under color of state law. Diaz v. Van Norman, 351 F. Supp. 2d 679, 681 (E.D. Mich. 2005). Absent either element, a Section 1983 claim will not lie. Id. Moreover, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. Lillard v. Shelby County Board of Education, 76 F. 3d 716, 726 (6th Cir. 1996).

III.

A.

Plaintiff alleges that a prison staff worker that he has identified only as "McRoberts" ordered the prison staff to have plaintiff shower on the first shift, even though she knew that plaintiff was supposed to take a shower on the second shift. Plaintiff does not allege that he was denied shower privileges nor does he indicate how he was injured by having to shower during the wrong shift. Plaintiff seeks one million dollars.

B.

The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but the Eighth Amendment protects prisoners from the denial of the basic elements of hygiene. See Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir.1986). The denial of adequate access to shower facilities in prison is considered a violation of a prisoner's Eighth Amendment rights. See Johnson v. Hardin County, Ky., 908 F.2d 1280, 1284 (6th Cir. 1990). However, the denial of a shower to a prisoner "for a short period of time" fails to establish that a prisoner was subjected to a deprivation of "the minimal civilized measure of life's necessities." See Rhodes, 452 U.S. at 347

Plaintiff's "bare bones" conclusory assertions within his complaint are insufficient

to state a cognizable constitutional claim. Plaintiff does not allege that he has been denied the ability to take a shower, nor has he alleged how frequently or infrequently that he is permitted to shower in prison. Plaintiff has failed to offer any argument as to how he has been harmed by having to shower during the wrong shift. As such, plaintiff has failed to state a claim upon which relief can be granted.

IV.

For the reasons stated above, plaintiff's complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A) for failure to state a claim upon which relief can be granted.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2010

I hereby certify that a copy of the foregoing document was mailed to Dennis Brittenham, 252929, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 on this date, March 22, 2010, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160